IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TERRAZ LETEZ FITZGERALD,

        Petitioner,

v.                                                     Civil Action No. 2:16-cv-54

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Terraz Letez Fitzgerald's ("Fitzgerald") Petition for a Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 8. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and Fitzgerald's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Fitzgerald was convicted of possession of cocaine with intent to distribute, possession of a firearm while in possession of cocaine with intent to distribute, and possession of a firearm by

1

a convicted felon. ECF No. 10 at 1. On June 25, 2012, Fitzgerald was sentenced in Chesterfield County Circuit Court to twenty-seven years in prison, with eighteen years suspended. *Id.* Fitzgerald is presently confined pursuant to the Circuit Court's sentence. *Id.*

Fitzgerald subsequently filed a petition for appeal with the Virginia Court of Appeals that was denied on December 19, 2012 in a *per curiam* decision on the merits. *Id.* Fitzgerald filed a petition for rehearing *en banc* that was denied on March 19, 2013. *Id.* at 1-2. The Supreme Court of Virginia denied Fitzgerald's petition for appeal on September 5, 2013. *Id.* at 2. Fitzgerald did not file an appeal with the Supreme Court of the United States.

Fitzgerald timely filed a petition for writ of habeas corpus with the Chesterfield County Circuit Court on January 21, 2014,[1] *Fitzgerald v. Clarke*, No. CL14HC-862 (Va. Cir. Ct. Jan. 21, 2014), that was dismissed on May 29, 2014. ECF No. 10 at 3. The Supreme Court of Virginia denied Fitzgerald's petition to appeal on January 27, 2015. *Id.* On March 2, 2015, Fitzgerald filed a petition for rehearing with the Supreme Court of Virginia which was denied for untimeliness on April 23, 2015. ECF No. 1 at 29, 31.

Fitzgerald filed his Petition in this Court on February 5, 2016.[2] ECF No. 1. In the Petition, Fitzgerald claimed several grounds for relief: (1) the evidence was insufficient to prove he possessed a firearm while a convicted felon or while in possession of a Schedule I/II substance with intent to distribute; (2) the evidence was insufficient to prove he possessed a Schedule I/II substance with intent to distribute; (3) the trial court erred in denying his motion to suppress evidence seized pursuant to a warrant; (4) there was insufficient probable cause for the police to obtain a search warrant; (5) he was denied his rights guaranteed by the Confrontation

---

[1] This date is misstated as January 2, 2014, in Fitzgerald's Petition, ECF No. 1 at 3, and as March 19, 2014, in the Respondent's Brief in Support, ECF No. 10 at 2, 5.

[2] Petitioner signed his Petition on January 20, 2016. ECF No. 1 at 1. The Petition was received by the Court on January 26, 2016, and deemed filed on February 5, 2016. *Id.*

Clause of the United States Constitution, because the police officer who obtained the search warrant relied upon statements of another officer and an informant; and (6) he was denied effective assistance of counsel because his attorney neither demanded that Fitzgerald be permitted to cross-examine the officer and the informant who provided information used to support issuance of a search warrant nor challenged the validity of the search warrant. *Id.* at 15-22.

The Assistant Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss with *Roseboro*, *Roseboro* Notice, and Brief in Support on April 12, 2016. ECF Nos. 8-11. Fitzgerald did not file a reply brief and the time to do so has expired. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

The Court need not address the merits of Fitzgerald's habeas corpus petition because it is barred by the statute of limitations. Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review, or the factual predicate of the claim being asserted in the petition could have been discovered with due diligence, whichever is the latest.[3] 28 U.S.C. § 2244(d)(1)(A), (D). For the following reasons, the undersigned concurs with the Respondent's argument that Fitzgerald's Petition is time-barred.

The Supreme Court of Virginia refused Fitzgerald's petition for appeal on September 5, 2013. ECF No. 1 at 3. Fitzgerald's one year to file a petition in this Court began when his

---

[3] 28 U.S.C. § 2244(d)(1)(B) and (C), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

3

conviction became final ninety days later on December 5, 2013, at the expiration of his time to file a petition of certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) (directing that notice of appeal must be filed within ninety days after entry of final judgment); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (holding judgment became final when ninety-day period for filing a petition for certiorari with the United States Supreme court expired). Accordingly, Fitzgerald's deadline for filing a federal habeas petition was December 4, 2014.

Fitzgerald's state habeas petition tolled the statute of limitations for 371 days from the period of January 21, 2014, when Fitzgerald's state habeas petition was filed to January 27, 2015, when the Supreme Court of Virginia dismissed his state habeas petition. Since forty-eight days of the federal habeas statute of limitations had run, Fitzgerald had 317 days to file his federal habeas petition. Thus, Fitzgerald's deadline to file his federal habeas petition was extended to December 10, 2015. Fitzgerald signed his Petition on January 20, 2016. It was received by the Court on January 26, 2016, and deemed filed on February 5, 2016. This Court **FINDS** that Fitzgerald's Petition was untimely even with statutory tolling and that he is not entitled to equitable tolling.

*1. Statutory Tolling*

Generally, the limitation period for filing a § 2254 petition is tolled during the time in "which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (denying statutory tolling to an improperly filed petition because the state court rejected the petition as untimely),

4

and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000).

Fitzgerald filed a state habeas petition in Chesterfield County Circuit Court on January 21, 2014, forty-eight days after his time to file his federal habeas petition began. *Fitzgerald v. Clark*, No. CL14HC-862 (Va. Cir. Ct. Jan. 21, 2014). The state habeas petition tolled the statute of limitations for 372 days from January 21, 2014, when the state habeas petition was filed, to January 27, 2015, the day the Supreme Court of Virginia denied his petition for review.[4] *See* ECF No. 10 attach. 5 at 1. The time during which Fitzgerald's state corollary proceeding was pending should not be counted against Fitzgerald's one year to file in federal court. *See* 28 U.S.C. § 2244(d)(2). Because Fitzgerald already let forty-eight days expire, once his state habeas proceeding was final, he only had 317 days left – until December 10, 2015 – to file a § 2254 action in this court. Even if this Court found that Fitzgerald filed his Petition on the day he signed it, January 20, 2016, his Petition was still filed late. For this reason, the undersigned **FINDS** that, even with statutory tolling, Fitzgerald did not timely file his Petition.

### 2. *Equitable Tolling*

The limitations period may, nevertheless, be eligible for equitable tolling "if [a petitioner] presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). A petitioner is eligible for equitable tolling if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). For the following reasons, the

---

[4] Fitzgerald does not receive statutory tolling from January 27, 2015, when the Supreme Court of Virginia denied his petition, until April 23, 2015, when it denied his petition for rehearing, because his petition for rehearing was untimely. *See* Va. Sup. Ct. R. 5:20(b)(2); *Pace*, 544 U.S. at 413.

undersigned concurs with the Respondent's argument that Fitzgerald's Petition is time-barred and does not qualify for equitable tolling.

Fitzgerald did not show that he is entitled to equitable tolling as he presented no argument that he pursued his rights diligently or that some extraordinary circumstance prevented a timely filing. Fitzgerald wholly failed to set forth any reason that he is entitled to equitable tolling of the statute of limitations period, and therefore, failed to satisfy this high burden. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (holding that Courts should only equitably toll the statute of limitations in rare situations "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes").

Moreover, Fitzgerald was given appropriate "notice and opportunity to respond" when the issue was raised in the Respondent's Motion to Dismiss. ECF No. 10 at 5-6; *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (holding that "the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ."). Fitzgerald had an opportunity to respond to the Respondent's Motion to Dismiss and present an argument sufficient to permit equitable tolling of the statute of limitations but failed to do so. Accordingly, the undersigned **FINDS** that Fitzgerald's Petition is ineligible for equitable tolling.

### B. Conclusion

The one-year statute of limitations began to run on December 4, 2013, when Fitzgerald's conviction became final. Fitzgerald is entitled to statutory tolling for 371 days during the pendency of his state court habeas proceeding. Fitzgerald has not established that he is entitled to any period of equitable tolling. Therefore, Fitzgerald had until December 10, 2015 to file his

federal habeas Petition. Fitzgerald did not file his Petition with this Court until February 5, 2016, after the statute of limitations expired. Even if the Petition was deemed filed when Fitzgerald signed it on January 20, 2016 or when it was received on January 26, 2016, his Petition would still be untimely. Therefore, the undersigned **FINDS** that Fitzgerald's Petition should be **DISMISSED** as time-barred.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and that Fitzgerald's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Fitzgerald is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985);

7

*United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 17, 2016